CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 29 2005

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHAWN ALAN NOBREGA, | ) |
| Plaintiff, | ) Civil Action No. 7:05CV00124 |
| v. | ) MEMORANDUM OPINION |
| PITTSYLVANIA COUNTY SHERIFF'S OFFICE AND JAIL, | ) By: Samuel G. Wilson<br>) United States District Judge |
| Defendant(s). | ) |

Plaintiff Shawn Alan Nobrega, a Virginia inmate proceeding pro se and imprisoned at the Pittsylvania County Jail, brings this action under the Civil Rights Act, 42 U.S.C. §1983, alleging Eighth Amendment violations by prison officials and medical staff for exhibiting deliberate indifference to his medical needs because he is being served fried and greasy food, and because he has not received various vitamins, all-natural medicine or medical tests at his request. Nobrega seeks monetary damages in an unstated amount. The court finds that Nobrega's complaint fails to state a claim upon which relief may be granted and his claims are frivolous, therefore this action will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Under this provision, the court may dismiss an action at any time upon finding that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.[1]  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

---

[1] The court conditionally filed this action upon receiving Nobrega's complaint, and by order, directed Nobrega to amend his claims to identify individual defendants and to specify his alleged medical conditions and deliberate indifference claims. See West v. Atkins, 487 U.S. 42 (1988); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992); 42 U.S.C. § 1983; Fed. R. Civ. P. 8(e). The court also severed his claims concerning the legality of his conviction and filed and dismissed those claims as a separate action pursuant to 28 U.S.C. § 1915A(b)(1). See Nobrega v. Pittsylvania County Sheriff's Office, et al., Civil Action No. 7:05-CV-00127 (W.D. Va. Mar. 2, 2005).

# I.

Nobrega alleges the following facts regarding his claims. First, Nobrega claims that prison officials and medical staff are exhibiting deliberate indifference to his health because the jail serves only fried and greasy food, of which meat is put in the spaghetti making it fatty, and butter is put on the vegetables. Nobrega states that he does not want to die as a result of eating food that is high in cholesterol and fat. Nobrega also states that therefore he will not eat this type of food anymore because it makes his heart hurt and he believes that he has developed a clogged artery on the right side of his heart as a result of eating this food over the past four months. Nobrega states that for these reasons, he chose to eat only multi-vitamins, fiber, and rolls over the course of eight days and is very hungry. Second, Nobrega claims that various medical staff are exhibiting deliberate indifference to his medical needs because they refuse to grant his request to conduct various tests on him, such as HIV and STD tests; they take his blood pressure improperly by using the wrong arm and calculate his weight improperly by not subtracting his water weight; and they refuse to give him various requested medicine and vitamins, such as all-natural pain medication for his back, calcium pills, a mood helper, shark cartilage to rebuild his mind, lamicil for nail fungus in his toes, Listerine and tartar control Crest toothpaste to help kill gum disease, and garlic for his heart.[2] Additionally, Nobrega admits that he is being treated for back pain, but claims that medical staff are giving him medicine that he does not need and that is different from the all-natural pain medication he has requested and prefers.

---

[2]Other than asserting that his heart hurts and that he believes has developed a clogged artery from eating the food in jail, Nobrega failed to identify any specific heart problem or back injury in either his original or amended complaint, nor does he allege any objective medical condition other than his desire to maintain his general health and his general fear that he may somehow be unhealthy.

2

## II.

Nobrega fails to state a claim upon which relief may be granted, and his claims are frivolous. A plaintiff must show that defendants knew of, and disregarded an objectively serious condition, medical need, or risk of harm in order to allege deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); Mitchell v. Aluisi, 872 F.2d 577, 580 (4th Cir. 1989). Furthermore, a defendant exhibits deliberate indifference if a subjective inference that certain actions, or failure to take corrective action, would subject a plaintiff to unnecessary and significant pain and suffering or would expose a plaintiff to a substantial risk of more serious injury. See Johnson v. Quinones, 145 F.3d 164 (4th Cir. 1998). Mere malpractice on the part of medical personnel is insufficient to state an Eighth Amendment claim, Estelle, 429 U.S. at 106, and questions of medical judgment are not generally subject to review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).

Nobrega fails to allege that he has suffered an objectively serious injury because of the food he is being served in jail or because he is not being medically treated with all-natural pain medicine for his back as Nobrega believes he should be, or that the lack of additional treatment poses a substantial risk of danger to his health.[3] Nobrega's allegations state, at most, his own disagreement with medical staff's opinion that he is not in danger of being seriously injured as a result of eating the food he is served in jail or the lack of various tests, all-natural medicine or

---

[3]Nobrega did not allege facts that he should be receiving a special diet for any specific medical or religious reasons.

3

vitamins.  Such allegations do not state constitutional claims.  <u>Russell v. Sheffer</u>, 528 F.2d 318, 319 (4th Cir. 1975).  Accordingly, the court finds that Nobrega fails to state a claim that either prison officials or medical staff are acting with deliberate indifference as to any serious medical needs.  Therefore, the court will dismiss Nobrega's deliberate indifference claims against all defendants pursuant to §1915(e)(2)(B)(i)-(ii) for failure to state a claim and as frivolous.

### III.

For the stated reasons, Nobrega's complaint will be dismissed pursuant to § 1915(e)(2)(B)(i)-(ii) for failure to state a claim and as frivolous.

**ENTER**: This 29/m day of April, 2005.

_____
UNITED STATES DISTRICT JUDGE

4